IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GUILLERMO PENA, | ) | CASE NO. 5:07CV2741 |
| | ) | |
| Petitioner, | ) | JUDGE ADAMS |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| JULIUS WILSON, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Guillermo Pena ("Pena") petitions this court for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on September 11, 2007. Pena is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to a journal entry of sentence in the case of *State of Ohio v. Pena*, Case No. 2004 CR 12 0358 (Tuscarawas County 2004). For the reasons given below the magistrate judge recommends that the petition be denied.

I

On December 7, 2004 the Tuscarawas County grand jury indicted Pena on two counts of aggravated robbery, two counts of aggravated burglary, and two counts of theft, each count with a firearm specification. Pena initially pleaded not guilty to all counts. Prior to the start of trial, Pena withdrew his not guilty pleas to one count of aggravated robbery, one count of aggravated burglary, and one count of theft, with the accompanying firearm

specifications, and entered pleas of no contest to these charges.  After trial began on the remaining counts of the indictment, Pena withdrew his not guilty plea as to those counts and pleaded no contest to them as charged.  On April 11, 2005, the court sentenced Pena to an aggregate negotiated sentence of 16 years' imprisonment, consisting of a five year term of imprisonment on each of the counts of aggravated robbery[1] and a mandatory three year term of imprisonment on each of the firearm specifications accompanying those counts, all terms to be served consecutively.

On June 16, 2005, Pena filed in the state appellate court a motion for a delayed appeal.  The court granted Pena's motion.  In his appellate brief, Pena asserted a single assignment of error:

> The trial court erred in sentencing the Appellant to consecutive terms of incarceration with respect to his two convictions for Complicity to Commit Aggravated Robbery because it failed to make the appropriate findings of fact and failed to state its specific reasons for imposing consecutive sentences as required by R.C. 2929.14(E) and 2929.19(B)(2)(c).

On March 17, 2006, the state appellate court affirmed the sentence of the trial court, finding that a sentencing court was not required to make findings of fact and give specific reasons for consecutive sentences when the sentence was negotiated and recommended by the defendant and the prosecution.  Pena did not appeal this decision to the Ohio Supreme Court.

On February 12, 2007 Pena moved in the trial court to vacate the judgment and sentence against him.  Pena argued that the judgment was void because the court failed to hold a preliminary hearing following his arrest as required by Ohio law and because the

---

[1] The court determined that the other counts were crimes of similar import to the two counts of aggravated robbery and did not sentence Pena on those counts.

court lacked jurisdiction, as Pena had not been read his Miranda rights. The court overruled Pena's motion without opinion on February 27, 2007.

Pena filed in the trial court on April 10, 2007 a petition for a writ of mandamus to compel the trial court to issue findings of fact and conclusions of law in support of his order overruling Pena's motion to vacate judgment. The court[2] dismissed the petition for failure to comply with Ohio Civ. R. 4.1 and 10(A) and with Ohio Rev. Code. § 2731.04.

On July 25, 2007, Pena filed in the state court of appeals a petition for a state writ of habeas corpus. Pena argued that the trial court failed to acquire jurisdiction over him and violated his right to due process when it failed to hold a preliminary hearing following his arrest and failed to investigate the failure to give Pena a Miranda warning. Pena also argued that the trial court violated his Sixth Amendment right to counsel by failing to appoint an attorney for the purpose of representing him during a preliminary hearing. On August 1, 2007, the state appellate court found that Ohio defendants have no federal or state constitutional right to a preliminary hearing, that an entitlement to a preliminary hearing is granted solely by Ohio Crim. R. 5(B), and that unless the defendant takes some action to enforce his right to a preliminary hearing before an indictment is handed down, the right is extinguished. As Pena took no action to enforce his right to a preliminary hearing prior to the return of the indictment against him, his right to a preliminary hearing was extinguished. Consequently, the court dismissed Pena's petition. Pena did not appeal this decision to the Ohio Supreme Court.

Pena filed in this court a petition for a writ of habeas corpus on September 11, 2007

---

[2] The matter was transferred from the docket of the judge who had sentenced Pena to another judge on the Tuscarawas County Court of Common Pleas.

3

and amended it on February 19, 2008.  Pena asserts four grounds for relief:

> A. GROUND ONE: THE COURT LACKED JURISDICTION WHEN A PRELIMINARY HEARING WAS NOT HELD.
>
> B. GROUND TWO: THE COURT LACKED SUBJECT MATTER JURISDICTION WHEN PETITIONER DID NOT RECEIVE MIRANDA RIGHT.
>
> C. GROUND THREE: THE COURT VIOLATED PETITIONERS [sic] 6th AMENDMENT RIGHT WHEN COUNSEL WAS NOT APPOINTED.
>
> D. GROUND FOUR: THE COURT LACKED SUBJECT MATTER JURISDICTION TO HAVE SENTENCED THE PETITIONER IN THIS CASE.  THE TRIAL COURT ERRED WHEN IT SET A TRIAL DATE THAT EXCEEDED THE STATUTORY SPEEDY TRIAL LIMITS UNDER O.R.C. 2945.71(E).

Respondent filed an Answer/Return of Writ on April 18, 2008.  Doc. No. 18.  Pena filed a Traverse on May 12, 2008.  Doc. No. 20.  Thus, the petition is ready for decision.

II

*A. Jurisdiction*

Writs of habeas corpus may be granted by a district court within its respective jurisdiction:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a) and (d).

Pena was convicted in the court of common pleas in Tuscarawas County.  He is currently in prison pursuant to that conviction.  This court has jurisdiction over Pena's petition.

4

*B. Statute of Limitations*

Respondent argues that Pena's petition is barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2244, limits the time within which a person in custody pursuant to the judgment of a state court may file a petition for a federal writ of habeas corpus:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) ("§ 2244(d)").

The trial court sentenced Pena on April 11, 2005. Thirty days passed before the time expired within which Pena could have filed an appeal of his conviction and sentence. *See* Ohio App. R. 4(A). The statutory period began to run, therefore, on May 12, 2005. *See Griffin v. Kentucky*, 479 U.S. 314, 321 (1987). Thirty-five days ran on the statutory period before Pena filed his motion for a delayed appeal on June 16, 2005.[3] The only assignment

---

[3] Respondent ignored this period in calculating time. *See* Answer at 7-8. In this case, however, the error is of no significance, as Pena's claim is also barred by the statute of limitations as calculated by respondent. *See* Answer at 7-10.

5

of error in his delayed appeal was the assertion that the trial court had violated Ohio Rev. Code §§ 2929.14(E) and 2929.19(B)(2)(c) by failing to make appropriate findings of fact and to state its specific reasons for imposing consecutive sentences.  Although the delayed appeal did not contain a claim that Pena's conviction or sentence violated the Constitution or laws of the United States, his delayed appeal nevertheless tolled the running of the statutory period.  *Cowherd v. Million*, 380 F.3d 909 (6th Cir. 2004).

The state appellate court affirmed Pena's conviction on March 17, 2006.  The statutory period began to run again after the expiration of the period within which Pena could have filed an appeal to the Ohio Supreme Court.  Thus, the statutory period began to run again 45 days after entry of judgment, on May 1, 2006.  Ohio S. Ct. Prac. R. II, § 2(A).  Another 287 days ran on the statutory period, for a total of 322.

On February 12, 2007 Pena moved in the trial court to vacate the judgment and sentence against him.  The court overruled Pena's motion without opinion on February 27, 2007.  This court will make certain assumptions favorable to Pena, that is, (1) that this motion was "properly filed" within the meaning of § 2244(d),[4] and (2) that a motion to vacate is not state post-conviction or other collateral review.  Given these assumptions, the running of the statutory period would have been tolled from February 12, 2007 through March 29, 2007, the conclusion of the period during which Pena could timely have appealed the denial of his motion.  The statutory period began to run again, therefore, on

---

[4] *See Artuz v. Bennett*, 531 U.S. 4, 9-10 (2000) (holding that an application that is not properly filed fails to toll the statute of limitations at 28 U.S.C. § 2244(d)(1))

6

March 30, 2007.  Forty-three days later, on May 12, 2007, the statutory period expired.[5]

Pena's petition for a writ of mandamus filed on April 10, 2007 did not toll the statute of limitations.  The court dismissed the petition on procedural grounds for failure to comply with Ohio Civ. R. 4.1 and 10(A) and with Ohio Rev. Code. § 2731.04.  Thus, the petition was not "properly filed" within the meaning of § 2244(d) and did not toll the statutory period.

Nor did Pena's petition for a state writ of habeas corpus affect the running of the statutory period.  Pena filed his petition for a state writ on July 25, 2007, well after the statutory period had expired.  The filing of a properly-filed state petition does not re-start an expired statutory period; it can only delay the running of the statutory period.  *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).  As the statutory period had already expired when Pena filed his petition, the petition had no effect on the running of the statutory period.  For these reasons, Pena's petition for a federal writ of habeas corpus was filed after the statutory period for filing a timely petition.  It is, therefore, barred by the statute of limitations at § 2244.[6]

Pena replies in his traverse that the judgment against him was void because the court entering that judgment had no subject matter jurisdiction over him and, under Ohio

---

[5] In sum, the running of Pena's one-year statutory period has been calculated as follows:
- 35 days ran from May 12, 2008 to June 16, 2005;
- 287 days ran from May 1, 2006 to February 12, 2007; and
- 43 days ran from March 30, 2007 until the statutory period expired on May 12, 2007.

[6] Pena's petition would have been denied as procedurally barred even if it had been timely.  Petitioners are required to present their claims fairly to the highest court in the state before bringing those claims to the federal courts.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  As Pena failed to present *any* of his claims to the Ohio Supreme Court, his claims have been procedurally defaulted.

law, there is no time limit for challenging a void judgment. Pena confuses the law applicable to this issue. What Ohio law says about time limits and void judgments is completely irrelevant to the statute of limitations at § 2244(d). That statute is a federal law. Only Congress and the federal courts have the authority to affect federal law. State statutes, rules, and caselaw cannot alter or amend such law. Pena cites no *federal* authority to show that respondent's contention that Pena's petition is untimely is incorrect.

IV

For the reasons given above the court should overrule Pena's petition for a writ of habeas corpus.


Dated:  June 16, 2008              s\ Nancy A. Vecchiarelli
                                   Nancy A. Vecchiarelli
                                   United States Magistrate Judge

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after being served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v.Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**